**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 99-4250

ALPHONSOJAMAL ALI JENKINS, a/k/a
Jamaal Jenkins,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-98-61-3)

Submitted: September 21, 1999

Decided: October 7, 1999

Before MURNAGHAN, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marshall M. Slayton, Charlottesville, Virginia, for Appellant. Robert
P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assis-
tant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Alphonsojamal Ali Jenkins pled guilty to armed bank robbery, see 18 U.S.C.A. § 2113(a) (West Supp. 1999), and received a sentence of seventy-seven months imprisonment. He appeals his sentence, contending that the district court erred in giving him three criminal history points for a 1997 indeterminate sentence, see U.S. Sentencing Guidelines Manual §§ 4A1.1(a) (1998), and further erred in awarding him two criminal history points for having committed the instant offense while on parole. See USSG § 4A1.1(d). We affirm.

The district court awarded Jenkins three criminal history points under USSG § 4A1.1(a) for an indeterminate sentence of nine days to twenty-three months he received in Pennsylvania in 1997 after he was convicted of making a false report to police.* Jenkins served nine days imprisonment and was then paroled, with his parole due to expire in August 2000. The district court gave Jenkins another two criminal history points under § 4A1.1(d) because Jenkins was on parole from the 1997 sentence when he committed the instant offense.

We note that the 1997 indeterminate sentence was for a felony offense. A "felony offense" for sentencing purposes is defined in § 4A1.2(o) as "any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed." Jenkins' conviction for making a false report to police was punishable by a term of imprisonment exceeding one year. Therefore, the offense was a felony and the district court was required to count it. See USSG § 4A1.2(c). Because Jenkins was on parole for an offense countable in his criminal history when he committed the instant offense, two points were properly awarded under § 4A1.1(d). Consequently, we find no error in the sentence imposed.

_____

*Jenkins gave a false name when his car was stopped by police. He had a prior drug conviction in Pennsylvania and had absconded from probation.

2

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3